

Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| Paul H. Jones | Case Number 08 CV 1908 L POR |
|---|---|
| Plaintiff, | **Complaint For Damages** |
| v. | |
| Prestige Financial Services, Inc. | **Jury Trial Demanded** |
| Defendant. | |

## INTRODUCTION

1. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard

for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

2. Paul H. Jones, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Prestige Financial Services, Inc., ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1332, and 28 U.S.C. § 1367 for supplemental state claims.

6. This action arises out of Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

7. Because Defendant does business within the State of California, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. § 1391(c).

## PARTIES

9. Plaintiff is a natural person who resides in the City of San Diego, County of San Diego, State of California.

10. Plaintiff is, and all times relevant to this matter was, an active duty member of the United States Marine Corp.

11. Defendant is from the City of Salt Lake City, the County of Salt Lake, and the State of Utah.

12. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

13. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

14. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

15. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

16. At all times relevant, Defendant conducted business within the State of California.

17. Sometime before June-September, 2008, Plaintiff is alleged to have incurred certain financial obligations.

18. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

19. Sometime thereafter, but before June-September, 2008, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

20. Subsequently, but before June-September, 2008, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

21. On or about June-September, 2008, Defendant contacted Plaintiff's relatives by telephone and discussed Plaintiff's alleged debt with these relatives.

22. Except as provided in 15 U.S.C. § 1692b, and without the prior consent of the consumer given directly to the Defendant, and without the express permission of a court of competent jurisdiction, and for a purpose not reasonably necessary to effectuate a postjudgment judicial remedy, Defendant communicated, in connection with the collection of a debt, with any person other than the consumer, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of Defendant. Consequently, Defendant violated 15 U.S.C. § 1692b(b), as well as Cal. Civ. Code § 1788.17.

23. Subsequently, Defendant made numerous telephone calls to Plaintiff's employer and Plaintiff's supervisors and discussed Plaintiff's alleged debt with these persons.

24. Without the prior consent of the consumer given directly to the Defendant or the express permission of a court of competent jurisdiction, Defendant communicated with a consumer in connection with the collection of a debt at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. Consequently, Defendant violated 15 U.S.C. § 1692c(a)(1), as well as Cal. Civ. Code § 1788.17.

25. Without the prior consent of the consumer given directly to the Defendant or the express permission of a court of competent jurisdiction, Defendant communicated with a consumer in connection with the collection of a debt at the consumer's place of employment when Defendant knew or had reason to know that the consumer's employer prohibited the consumer from receiving

such communication. Consequently, Defendant violated 15 U.S.C. § 1692c(a)(2), as well as Cal. Civ. Code § 1788.17.

26. Except as provided in 15 U.S.C. § 1692b, and without the prior consent of the consumer given directly to the Defendant, and without the express permission of a court of competent jurisdiction, and for a purpose not reasonably necessary to effectuate a postjudgment judicial remedy, Defendant communicated, in connection with the collection of a debt, with any person other than the consumer, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of Defendant. Consequently, Defendant violated 15 U.S.C. § 1692b(b), as well as Cal. Civ. Code § 1788.17.

27. Subsequently, Plaintiff was criticized by his supervisors due to the highly personal information disclosed by Defendant.

28. This illegal conduct by Defendant will have a negative impact on his ability to be promoted, her requisite security clearance, and her ability to be employed.

29. This illegal activity by Defendant has caused Plaintiff damages, including stress, embarrassment, sleeplessness, and other emotional and stress related injury.

### CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE §§ 1788-1788.32

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

32. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a) in excess of

$75,000; statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

## COUNT I

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE §§ 1788-1788.32

33. An award of actual damages pursuant to California Civil Code § 1788.30(a);

34. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

35. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

## TRIAL BY JURY

36. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: 10/10/08

Hyde & Swigart

By: _____
Joshua B. Swigart
Attorneys for the Plaintiff

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Paul H. Jones

**DEFENDANTS**
Prestige Financial Services, Inc.

(b) County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Salt Lake
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Hyde & Swigart
411 Camino Del Rio South Suite 301, San Diego, CA 92108

Attorneys (If Known)
'08 CV 1908 L POR

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC § 1332

Brief description of cause:
Fair Debt Collection

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE
DOCKET NUMBER

DATE: 10/9/08
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 156184  AMOUNT $350-  10/16/08 BH  APPLYING IFP  JUDGE  MAG. JUDGE

**ORIGINAL**

**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 156184      - BH

October 16, 2008
16:01:48

Civ Fil Non-Pris
USAO #.: 08CV1908 CIVIL FILING
Judge..: M. JAMES LORENZ
Amount.:                    $350.00 CK
Check#.: BC#2618


Total-> $350.00


FROM: JONES V. PRESTIGE FINC'L SVCS.
      CIVIL FILING