Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Attorneys for the Plaintiff

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Paul H. Jones<br><br>                    Plaintiff,<br>v.<br><br>Prestige Financial Services, Inc.<br><br>                    Defendant. | **Case Number: 08-CV-1908 l (POR)**<br><br>**Plaintiff's First Amended Complaint For Damages**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.  The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard

for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

2. Paul H. Jones, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Prestige Financial Services, Inc., ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1332, and 28 U.S.C. § 1367 for supplemental state claims.

6. This action arises out of Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

7. Because Defendant does business within the State of California, personal jurisdiction is established.

8. Venue is proper pursuant to 28 U.S.C. § 1391(c).

## PARTIES

9. Plaintiff is a natural person who resides in the City of San Diego, County of San Diego, State of California.

10. Plaintiff is, and all times relevant to this matter was, an active duty member of the United States Marine Corp.

11. Defendant is from the City of Salt Lake City, the County of Salt Lake, and the State of Utah.

12. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

13. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

14. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

15. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

16. At all times relevant, Defendant conducted business within the State of California.

17. Sometime before June-September, 2008, Plaintiff is alleged to have incurred certain financial obligations.

18. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

19. Sometime thereafter, but before June-September, 2008, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

20. Subsequently, but before June-September, 2008, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

21. On or about June-September, 2008, Defendant contacted Plaintiff's relatives by telephone and discussed Plaintiff's alleged debt with these relatives.

22. Except as provided in 15 U.S.C. § 1692b, and without the prior consent of the consumer given directly to the Defendant, and without the express permission of a court of competent jurisdiction, and for a purpose not reasonably necessary to effectuate a postjudgment judicial remedy, Defendant communicated, in connection with the collection of a debt, with any person other than the consumer, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of Defendant. Consequently, Defendant violated 15 U.S.C. § 1692b(b), as well as Cal. Civ. Code § 1788.17.

23. Subsequently, Defendant made numerous telephone calls to Plaintiff's employer and Plaintiff's supervisors and discussed Plaintiff's alleged debt with these persons.

24. Without the prior consent of the consumer given directly to the Defendant or the express permission of a court of competent jurisdiction, Defendant communicated with a consumer in connection with the collection of a debt at an unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. Consequently, Defendant violated 15 U.S.C. § 1692c(a)(1), as well as Cal. Civ. Code § 1788.17.

25. Without the prior consent of the consumer given directly to the Defendant or the express permission of a court of competent jurisdiction, Defendant communicated with a consumer in connection with the collection of a debt at the consumer's place of employment when Defendant knew or had reason to know that the consumer's employer prohibited the consumer from receiving such communication. Consequently, Defendant violated 15 U.S.C. § 1692c(a)(2), as well as Cal. Civ. Code § 1788.17.

26. Except as provided in 15 U.S.C. § 1692b, and without the prior consent of the consumer given directly to the Defendant, and without the express permission of a court of competent jurisdiction, and for a purpose not reasonably

necessary to effectuate a postjudgment judicial remedy, Defendant communicated, in connection with the collection of a debt, with any person other than the consumer, his attorney, a consumer reporting agency, the creditor, the attorney of the creditor, or the attorney of Defendant. Consequently, Defendant violated 15 U.S.C. § 1692b(b), as well as Cal. Civ. Code § 1788.17.

27. Subsequently, Plaintiff was criticized by his supervisors due to the highly personal information disclosed by Defendant.

28. This illegal conduct by Defendant will have a negative impact on his ability to be promoted, her requisite security clearance, and her ability to be employed.

29. This illegal activity by Defendant has caused Plaintiff damages, including stress, embarrassment, sleeplessness, and other emotional and stress related injury.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### CAL. CIV. CODE §§ 1788-1788.32

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

32. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a) in excess of $75,000; statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

//
//
//

## COUNT II

### INTRUSION INTO PLAINTIFF'S PRIVATE AFFAIRS

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
34. Plaintiff had a reasonable expectation of privacy in his personal and business affairs.
35. Defendants intentionally and maliciously intruded in Plaintiff's personal and business affairs by revealing to third persons embarrassing and discommodious allegations, whether true or not, for the purpose of having Plaintiff disciplined or discharged by his employer all in an effort to coerce Plaintiff into paying a debt that Defendant legally disputed.
36. Defendant's intrusion would be highly offensive to a reasonable person.
37. Defendant was harmed.
38. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

## COUNT III

### PUBLIC DISCLOSURE OF PRIVATE FACTS

39. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
40. Defendants publicized private information concerning Plaintiff.
41. A reasonable person in Plaintiff's position would consider the disclosure of this information highly offensive.
42. Defendants knew, or acted with reckless disregard of the fact, that a reasonable person in Plaintiff's position would consider the publicity highly offensive.
43. That the private information was not of legitimate public concern and did not have a substantial connection to a matter of legitimate public concern.
44. Defendant was harmed.
45. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

//

## COUNT IV

### TORT IN SE

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. Defendant violated a statutory duty to another and are thus liable under the doctrine of "Tore-In-Se."

## COUNT V

### NEGLIGENCE

48. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Defendant was negligent in their collection of the alleged debt.

50. Plaintiff was harmed, and suffered injury as described above.

51. Defendant's negligence was a substantial factor in causing Plaintiff's harm.

52. Defendant had a duty to ensure that its collection actions were directed to the correct person, and not to communicate Plaintiff's personal financial and confidential information with any third parties.

53. Defendant was negligent for one of the following errors or omissions:
    failure to use reasonable care in administering accounts, and debt collection activities; contacting third person and disclosing Plaintiff's personal financial and confidential information.

## COUNT VI

### NEGLIGENT TRAINING AND SUPERVISION

54. Defendant was negligent in the training, and/or supervision of its employees.

55. Defendant's actions and omissions constitute negligence in that Defendant owed Plaintiff a duty to train, and/or supervise its employees properly, said duty was breached, and said breach was the proximate cause of damages suffered by Plaintiff.

56. The action an omissions of Defendant as described herein constitute grossly negligent training, and/or supervision in that Defendant owed Plaintiff a duty to train, and/or supervise its employees properly, said duty was breached, said breach was the proximate cause of damages suffered by Plaintiff, and Defendant's actions and omissions demonstrate a want of scant care and indifference to the rights of Plaintiff.  The actions of Defendant were willful, malicious, and wanton.  The actions of Defendant were highly unreasonable and demonstrate an extreme departure from ordinary care.

57. Plaintiff suffered damages due to Defendant's actions in an amount to be determined by proof by the finder of fact at trial.

58. Plaintiff is entitled to punitive damages for the actions, and omissions of Defendant as described herein.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### COUNT I

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### CAL. CIV. CODE §§ 1788-1788.32

59. An award of actual damages pursuant to California Civil Code § 1788.30(a);

60. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

61. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

### COUNT II

### INTRUSION INTO PLAINTIFF'S PRIVATE AFFAIRS

62. For an award of actual damages from each and every Defendant for the mental anguish and pecuniary injury suffered by Plaintiff as a result of Defendants' conduct in an amount to be determined at trial;

63. Punitive damages to be determined at trial; and

64. For such other and further relief as may be just and proper.

## COUNT III

### PUBLIC DISCLOSURE OF PRIVATE FACTS

65. For an award of actual damages from each and every Defendant for the mental anguish and pecuniary injury suffered by Plaintiff as a result of Defendants' conduct in an amount to be determined at trial;

66. Punitive damages to be determined at trial; and

67. For such other and further relief as may be just and proper.

## COUNT IV

### TORT IN SE

68. Special, general, and compensatory damages and punitive damages to be determined at trial; and

69. For such other and further relief as may be just and proper.

## COUNT V

### NEGLIGENCE

70. Special, general, and compensatory damages and punitive damages to be determined at trial; and

71. For such other and further relief as may be just and proper.

## COUNT VI

### NEGLIGENT TRAINING AND SUPERVISION

72. Special, general, and compensatory damages and punitive damages to be determined at trial; and

73. For such other and further relief as may be just and proper.

## TRIAL BY JURY

74. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: April 7, 2009

**Hyde & Swigart**

By: /s/ Joshua b. Swigart
Joshua B. Swigart
Attorneys for the Plaintiff